NO.
12-05-00244-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

EDDIE GUY, §          APPEAL
FROM THE 241ST

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          SMITH
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Eddie Guy
appeals his conviction for aggravated assault on a public servant, for which he
was sentenced to imprisonment for life. 
Appellant raises two issues on appeal. 
We affirm.

 

Background

            On
October 7, 2004, officers from the Tyler Police Department responded to a call
from Shelly Matthews, who claimed that Appellant, her roommate, had fired a gun
in her general direction.  Following the
officers’ arrival at the residence, Officer Ralph Buckingham used the
loudspeaker in his patrol car to ask Appellant to answer his telephone because
other officers wanted to speak to him. 
Appellant subsequently exited the house. 
Buckingham was crouching outside his patrol car.  Appellant, who was armed, fired multiple shots,
one of which struck the windshield of Buckingham’s patrol car leaving glass
fragments in Buckingham’s hair.

            Appellant
was indicted for aggravated assault of a public servant and pleaded “guilty.”[1]








 
The indictment further contained an allegation that Appellant used or
exhibited a deadly weapon.  The matter
proceeded to a jury trial on punishment. 
Ultimately, the jury assessed Appellant’s punishment at imprisonment for
life and fined Appellant ten thousand dollars. 
The trial court sentenced Appellant accordingly, and this appeal
followed.

 

Cruel and
Unusual Punishment

            In
his first issue, Appellant argues that Appellant’s life sentence was grossly
disproportionate to the crime for which he was convicted.  Initially, we note that Appellant made no
objection to the trial court raising the issue of cruel and unusual punishment
and has, therefore, waived such an issue on appeal.  See Rhoades v. State, 934 S.W.2d
113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the Texas
Constitution); Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim.
App. 1995) (waiver with regard to rights under the United States Constitution);
Tex. R. App. P. 33.1.  However, even absent waiver, we conclude that
Appellant’s sentence did not constitute cruel and unusual punishment.  

            The
legislature is vested with the power to define crimes and prescribe
penalties.  See Davis v. State,
905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref’d); see also Simmons
v. State, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref’d).  Courts have repeatedly held that punishment
which falls within the limits prescribed by a valid statute is not excessive,
cruel, or unusual.  See Harris v.
State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v.
State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Davis,
905 S.W.2d at 664.  

            In
the case at hand, Appellant was charged with aggravated assault of a public
servant.  See Tex. Pen. Code Ann. § 22.02(a)(2)
(Vernon Supp. 2006).  The punishment
range for such an offense is between five and ninety-nine years, or life.  See
Tex. Pen. Code Ann. §§ 12.32(a); 22.02(b) (Vernon 2003 & Supp.
2006).  Here, the sentence imposed by the
trial court falls within the range set forth by the legislature.  Id. 
Therefore, the punishment is not prohibited as cruel, unusual,
or excessive per se.

            Nonetheless,
Appellant urges the court to perform the three-part test originally set forth in
Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637
(1983).  Under this test, the
proportionality of a sentence is evaluated by considering (1) the gravity of
the offense and the harshness of the penalty, (2) the sentences imposed on
other criminals in the same jurisdiction, and (3) the sentences imposed for
commission of the same crime in other jurisdictions.  Solem, 463 U.S. at 292, 103 S.
Ct. at 3011.[2]  The
application of the Solem test has been modified by Texas courts
and the Fifth Circuit Court of Appeals in light of the Supreme Court’s decision
in Harmelin to require a threshold determination that the
sentence is grossly disproportionate to the crime before addressing the
remaining elements.  See, e.g., McGruder,
954 F.2d at 316; see also Jackson v. State, 989 S.W.2d 842, 845–46
(Tex. App.–Texarkana 1999, no pet.).

            In
determining whether Appellant’s sentence is grossly disproportionate, we are
guided by the holding in Rummel v. Estell, 445 U.S. 263, 100 S.
Ct. 1133, 63 L. Ed. 2d 382 (1980).[3] 
In Rummel, the Supreme Court addressed the proportionality
claim of an appellant who had received a mandatory life sentence under a prior
version of the Texas habitual offender statute for a conviction of obtaining
$120.75 by false pretenses.  Id.,
445 U.S. at 266, 100 S. Ct. at 1135.  The
life sentence was imposed because the appellant also had two prior felony convictions—one
for fraudulent use of a credit card to obtain $80.00 worth of goods or services
and the other for passing a forged check in the amount of $28.36.  Id., 445 U.S. at 266, 100 S. Ct. at
1134-35.  After recognizing the
legislative prerogative to classify offenses as felonies and, further,
considering the purpose of the habitual offender statute, the court determined
that the appellant’s mandatory life sentence did not constitute cruel and
unusual punishment.  Id.,
445 U.S. at 285, 100 S. Ct. at 1145.  

            In
the case at hand, the offense committed by Appellant—aggravated assault of a
public servant—was far more serious than any of the offenses committed by the
appellant in Rummel, while Appellant’s life sentence is no more
severe than the life sentence upheld by the Supreme Court in Rummel.  Thus, it follows that if the sentence in Rummel
was not unconstitutionally disproportionate, then neither is the sentence
assessed against Appellant in the case at hand. 
Therefore, since we do not find the threshold test to be satisfied, we
need not apply the remaining elements of the Solem test.  Appellant’s first issue is overruled.

 

Ineffective
Assistance of Counsel 

            In
his second issue, Appellant argues that he received ineffective assistance of
counsel.  Specifically, Appellant
contends that his counsel was ineffective for the following reasons: (1) he
failed to seek a change of venue; (2) he allowed Appellant to plead guilty even
though Appellant did not consider himself to be guilty; (3) he failed to object
to Appellant’s stipulation of evidence where such stipulation did not provide
facts supporting Appellant’s guilt, (4) he failed to pursue Appellant’s plea of
“not guilty by reason of insanity”; and (5) he failed to seek an instruction
that Appellant was temporarily insane due to alcohol consumption.

            Claims
of ineffective assistance of counsel are evaluated under the two step analysis
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct.
2052, 80 L. Ed. 674 (1984).  The first
step requires the appellant to demonstrate that trial counsel's representation
fell below an objective standard of reasonableness under prevailing
professional norms.  See Strickland,
466 U.S. at 688, 104 S. Ct. at 2065.  To
satisfy this step, the appellant must identify the acts or omissions of counsel
alleged to be ineffective assistance and affirmatively prove that they fell
below the professional norm of reasonableness. 
See McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim.
App. 1996).  The reviewing court will not
find ineffectiveness by isolating any portion of trial counsel’s
representation, but will judge the claim based on the totality of the
representation.  See Strickland,
466 U.S. at 695, 104 S. Ct. at 2069.

            To
satisfy the Strickland standard, the appellant is also required
to show prejudice from the deficient performance of his attorney.  See Hernandez v. State,
988 S.W.2d 770, 772 (Tex. Crim. App. 1999). 
To establish prejudice, an appellant must prove that but for counsel's
deficient performance, the result of the proceeding would have been
different.  See Strickland,
466 U.S. at 694, 104 S. Ct. at 2068.

            In
any case considering the issue of ineffective assistance of counsel, we begin
with the strong presumption that counsel was effective.  See Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
We must presume counsel’s actions and decisions were reasonably
professional and were motivated by sound trial strategy.  See id.  Appellant has the burden of rebutting this
presumption by presenting evidence illustrating why his trial counsel did what
he did.  See id.  Appellant cannot meet this burden if the
record does not affirmatively support the claim.  See Jackson v. State, 973 S.W.2d
954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal to evaluate
whether trial counsel provided ineffective assistance); Phetvongkham v.
State, 841 S.W.2d 928, 932 (Tex. App.–Corpus Christi 1992, pet. ref'd,
untimely filed) (inadequate record to evaluate ineffective assistance claim);
see also Beck v. State, 976 S.W.2d 265, 266 (Tex. App.–Amarillo
1998, pet. ref'd) (inadequate record for ineffective assistance claim, citing
numerous other cases with inadequate records to support ineffective assistance
claim).  A record that specifically
focuses on the conduct of trial counsel is necessary for a proper evaluation of
an ineffectiveness claim.  See Kemp
v. State, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet.
ref'd).

            In
the case at hand, Appellant chronicles, in great detail, his attorney’s
allegedly poor performance at trial. 
Yet, the record is silent as to the reasons underlying Appellant’s
counsel’s alleged ineffective acts and omissions during the trial of the case
at hand.  Although Appellant urges
repeatedly that certain actions on his trial counsel’s behalf are surely not “trial
strategy,” this is not a substitute for record evidence indicating why
Appellant’s trial counsel chose the course he did.  See Jackson, 877 S.W.2d at
771.  As a result, Appellant cannot
overcome the strong presumption that his counsel performed effectively.  Therefore, we hold that Appellant has not met
the first prong of Strickland because the record does not contain
evidence concerning Appellant’s trial counsel’s reasons for choosing the course
he did.  Thus, we cannot conclude that
Appellant's trial counsel was ineffective. 
Appellant’s second issue is overruled.

 

Conclusion

Having overruled Appellant’s first
and second issues, we affirm the trial court’s judgment.

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

Opinion
delivered August 16, 2006.

Panel consisted of Worthen,
C.J. and Griffith, J.

 

(DO NOT PUBLISH)











[1]
The record reflects that Appellant initially pleaded “not guilty,” but later
changed his plea to “guilty.”





[2] The strict application of the Solem
test has been questioned since the Supreme Court rendered its opinion in Harmelin
v. Michigan, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836
(1991).  See Simmons, 944
S.W.2d at 15.  The Texarkana Court of
Appeals discussed the applicability of Solem in Davis
v. State and observed that five members of the Supreme Court in Harmelin
rejected the application of the three factor test.  See Simmons, 944 S.W.2d at 15
(citing Davis, 905 S.W.2d at 664).  However, the court in Davis
nevertheless evaluated the sentence under the elements of Solem,
recognizing that seven of the justices in Harmelin still
supported an Eighth Amendment prohibition against grossly disproportionate
sentences.  See Davis, 905
S.W.2d at 664 (citing McGruder v. Puckett, 954 F.2d 313, 316 (5th
Cir.), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98
(1992) and Lackey v. State, 881 S.W.2d 418, 421 (Tex. App.–Dallas
1994, pet. ref’d)).





[3]
Incidentally, the Fifth Circuit has referred to Rummel as a “handy
guide” in conducting a proportionality review. 
See McGruder, 954 F.2d at 317.